The People of the State of Illinois ex rel. Edward J. Barrett, Appellee, v. State Bank of Herrick. Intervening Petition of American Surety Company of New York, Appellant.

Gen. No. 9,048.

Opinion filed April 16, 1937.

U. G. WARD, of Shelbyville, for appellant; PHILIP L. TURNER, of Shelbyville, of counsel.

J. C. WILLARD, of Shelbyville, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

On August 22, 1933, Edward J. Barrett, auditor of public accounts of the State of Illinois, took possession of the State Bank of Herrick and appointed William L. O'Connell, receiver, which appointment was afterwards confirmed by a decree of the circuit court of Shelby county.

On March 1, 1935, the American Surety Company of New York filed its intervening petition in said cause, alleging that one Charles F. Lee was, during the years 1921 and 1922, the duly qualified treasurer of the trustees of schools of township nine, North, Range two, East of the Third Principal Meridian of Fayette and Shelby counties, Illinois; that said company became and was surety for said Charles F. Lee as such treasurer from the second day of May, 1921, to the 15th day of April, 1922; that its bond as surety was for the principal sum of $42,000.

That said Charles F. Lee during said time did his banking business with the State Bank of Herrick, both as such treasurer and as an individual; that during such time said Charles F. Lee, by and with the consent

and knowledge and through the officers and employees of said State Bank of Herrick, misappropriated large sums of money and funds of said school trustees, then in his custody and care as such treasurer, to his own personal account and to pay his individual indebtedness to the said State Bank of Herrick, in the sum of $7,319.58, together with other sums.

That said Charles F. Lee as such school treasurer also drew out of said school funds moneys, which were not drawn out by school orders but were paid to the said Charles F. Lee and appropriated by him to his own personal use.

That the trustees of schools brought suit against petitioner and said Charles F. Lee in the circuit court of Shelby county, and obtained a judgment for said amount of $7,319.58, which judgment petitioner fully paid and discharged. That petitioner's claim is $7,319.58 with 5 per cent interest per annum thereon from the time the amount was paid to the trustees of schools; that petitioner is not informed as to the daily cash balances of the bank during the time complained of herein, but believes that the same exceeded the amount of petitioner's claim and interest, and asks that defendant may make discovery and state the amount of such balance, and the amount received by the receiver of said bank.

On June 29, 1935, William L. O'Connell, receiver, filed his answer in which he neither admitted or denied the allegations contained in the first 11 paragraphs of petitioner's complaint, and as for the allegations contained in paragraph 12 says that the books and records of said bank turned over to him by the auditor of public accounts does not show that said funds were misappropriated to the use of the bank. Admits that the trustees of schools obtained a judgment for $7,319.58 against petitioner and Charles F. Lee but asks strict proof as to the payment of said judgment

by said petitioner. Denies that petitioner has a preferred claim or any claim against this trust.

Upon a hearing of said cause the court allowed appellant a common claim, to share pro rata with other common claims, in the sum of $7,319.58 with 5 per cent interest from May 24, 1934, and denied its right to a preferred claim for any amount.

Appellant insists that the court erred in denying it a preferred claim against the State Bank of Herrick and the receiver thereof, in the sum of $7,319.58.

Appellant takes the position that as surety of Charles F. Lee, treasurer, it having paid to the trustees of schools the amount of said judgment, on account of the misappropriation of funds by such treasurer, it is subrogated to the rights of the trustees of schools as of date of the payment. It also insists that the liability of the State Bank of Herrick and its receiver arose purely and simply from a misappropriation by the school treasurer of the school funds then in the State Bank of Herrick and that such misappropriation was made with the knowledge and consent of the officers of the bank and that the bank was directly the beneficiary of practically all of these misappropriated funds.

It is charged in the complaint that on May 19, 1921, Lee applied $1,521.60 of school funds to his own personal indebtedness to the bank and, on the same day, he deposited to his personal account $1,500 of school funds of the school trustees when there was an overdraft in his personal account of $887.37; on September 2, 1921, he deposited $414.91 in his personal account of school funds when there was an overdraft of $90.60 in said account; other items were alleged to have been misappropriated.

Notice was given by petitioner under the provisions of the statute to the receiver, calling upon him to admit certain facts which were the transactions charged

in the complaint of misappropriations of school funds to the total amount of $5,120.81. Appellee admitted the facts specified except as to items 12 and 14. Item 14 was as follows: "That the total of the foregoing amounts, namely $5,120.81, is $13.35 less than the shortage of the Treasurer's account for the above period and included in a certain judgment rendered in the court against the American Surety Company in a suit on said bond."

It is true that if a depositor seeks to pay his own debts to a bank by an appropriation of funds to his credit in a fiduciary capacity, the bank acting as depositary of the trust funds is charged with knowledge of the character of the appropriation and will be compelled to refund, as the bank, in honoring the checks payable to itself out of the trust account, participates in and aids the trustee in committing a breach of trust. It is also true that where checks are drawn by a trustee in his fiduciary capacity but payable to himself or to cash or currency, the bank is not justified in presuming that the money will be used by the trustee for trust purposes, and it will be bound by any information which it could have obtained had it pursued inquiry as to the use to which the withdrawals are to be put. *Massachusetts Bonding & Insurance Co. v. Standard Trust & Savings Bank,* 334 Ill. 494, 166 N. E. 123.

The claim of appellant having arisen by reason of the payment of the judgment recovered against it by the trustees of schools it is subrogated to all the rights of such trustees of schools and is entitled to recover for the amount of the misappropriations of Lee from any who are responsible for, or assisted in the making of such misappropriations of funds. It was, however, incumbent upon appellant to produce evidence to prove what misappropriations of funds made up the judgment for $7,319.58 that the trustees of schools obtained against it and the amount of the various items entering

into said judgment for which the State Bank of Herrick was liable.

U. G. Ward, attorney for appellant, testified that all the items enumerated in the notice to Mr. Willard, attorney for appellee, on file in this case, were proven upon the trial in which the judgment was rendered and were included in the judgment as a shortage in the assets of such school treasurer. As these items, according to the calculation of appellant, only total the sum of $5,120.81 it is apparent that the judgment was made up in part of items other than those that it is claimed the State Bank of Herrick was liable for.

In its argument appellant states that it is admitted by the pleadings in this case that the trustees of schools obtained a judgment for an amount far in excess of the claim of appellant against the bank and that the amount of appellant's claim was included in the judgment that the trustees of schools obtained. We are unable to find that the pleadings of appellee make any such admission.

It is admitted by appellant that it has not traced any part of the fund in specific property or securities or assets which came into the hands of the receiver, and it is therefore seeking to recover on the theory that the trust money is blended with other moneys of the bank. It takes the position that it is presumed that none of the trust funds have been dissipated and all moneys coming into the hands of the receiver is impressed with the trust. That appellee could have rebutted this presumption by showing that at some time the cash assets were lower than the amount going into the hands of the receiver, but this he has failed to do, therefore the presumption prevails.

There is no presumption of law that all moneys coming into the hands of the receiver is impressed with the trust. In arriving at the amount of the cash balance coming to the hands of the receiver that is im-

pressed with the trust, withdrawals from and deposits added to the account from other sources, which cannot be attributed to the trust fund, from the time the trust funds were mingled with the funds of the bank and the time when the receiver took possession of the bank must be taken into account, and if at any time during said period the cash balance in the hands of the trustee was less than the trust money, the trust fund must be regarded as dissipated except as to said balance.

It was incumbent upon appellant to show that the receiver of the bank had possession of the whole or a part of the property or its proceeds, and unless this was done appellant would not place itself in a relation to the insolvent's estate which differs from that of an ordinary creditor and as a consequence no trust can be declared or enforced. The true owner of a fund wrongfully withheld by another has a right to have it restored not as a debt due and owing, but because it is the property of the former. No change of its state and form can divest it of such trust. The substitute for the original thing follows the nature of the thing itself, so long as it can be ascertained to be such; but the right of pursuing it fails when the means of ascertainment fails. It follows that a receiver of a bank in which a fund impressed with a trust was deposited cannot be required to repay it in preference to the claims of general creditors, unless the trust fund can be identified or traced into some other specific fund or property. *People v. Peoples State Bank of Maywood,* 354 Ill. 519, 534, 535.

The older cases which held that when trust funds are mixed with other funds of the trustee so that the whole becomes an indistinguishable mass, the trust fund cannot be traced, have been modified by the later decisions of the Supreme Court. In *People v. Peoples State Bank of Maywood, supra,* the court stated that the former rule with respect to tracing of trust funds

had been changed. It held that in such case the *cestui que trust* was entitled to a lien on the cash assets in the hands of the receiver of the bank. The law indulges a presumption that the trustee would spend his own funds before dissipating trust funds. However, if at any time the cash balance in the hands of the trustee becomes less than the amount of money held in trust it becomes clear that the trustee has dissipated trust money. Therefore, the fund in which the trust may be traced is confined to the lowest cash balance in the hands of the trustee between the time when the funds are mingled and the time when the receiver takes possession of the bank. *People v. Cairo-Alexander County Bank,* 282 Ill. App. 343, 353. In tracing the amount of the lowest cash balance in the hands of the trustee during such time, deposits from other sources. may not be attributed to the trust fund.

It was the duty of appellant to prove that the First State Bank of Herrick was in possession of trust funds belonging to the trustees of schools which it, by subrogation to the rights of said trustees of schools, was entitled to recover and to not only prove the amount of such trust funds, but to also prove what, if any, part of the funds coming to the hands of the receiver upon taking possession of the bank as receiver, were trust funds belonging to appellant, and no presumption of law can be indulged in that impresses all of the funds coming to the hands of the receiver with the trust and casts the burden upon appellee to rebut such presumption by showing that at some time the cash assets were lower than the amount going into the hands of the receiver as contended for appellant.

That the burden was upon appellant to make such proof is shown by the opinion of the Supreme Court in the case of *People v. Peoples State Bank of Maywood, supra,* on page 536 where it is said: ''In any event, until appellee traces or identifies specific assets as the product, in whole or in part, of the excess deposits or

their proceeds, no decree subjecting assets in the hands of the receiver to the trust which arose out of the excess deposits may be entered." And again, in its direction to the circuit court in remanding said cause, it was said: "and further to subject such assets in the receiver's hands, if any, as the appellee may prove were produced by the excess deposits in the general village account when the bank was closed, or by the proceeds of such deposits, to a preferred lien, etc."

Appellant having failed to prove what part, if any, of the funds coming to the hands of the receiver was impressed with a trust, the circuit court of Shelby county did not err in refusing appellant a preferred claim against the State Bank of Herrick and the receiver thereof in any amount whatever.

The decree of the circuit court is affirmed.

*Affirmed.*